IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| DONALD E. DAVIS | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:11-CV-04163-NKL |
| DAVID SOUDERS | ) ) ) | |
| Defendant. | ) | |

**ORDER**

In May 2010, Plaintiff Donald E. Davis ("Davis") received two citations from Defendant David Souders ("Souders"), a housing code enforcement officer for the City of Saint John. Although the citations were later dropped, Davis, acting pro se, has brought suit against Souders, alleging Section 1983 violations due to Souders's "lack of diligence in regards to his job" and consequent "false prosecution." [Doc. # 1-1, at 1]. Pending before the Court is Souders's Motion to Dismiss. [Doc. # 5]. For the following reasons, the Court GRANTS Souders's motion.

**I.     Background**

The following facts are taken from Davis's Complaint [Doc. # 1-1] and are assumed true for purposes of this motion to dismiss.

In May 2010, Souders issued two citations for occupancy permit violations to Davis. These citations, # 12268 and # 12269, were mailed to Davis and concerned two properties

1

that Davis owned and rented to tenants. Davis had always complied with the occupancy ordinance for both properties. The City of Saint John ultimately dropped the citations. However, Davis had spent time and money to defend against the citations, and tenants of Davis's two properties had limited access to the properties, which caused Davis to lose tenants and rental income. Additionally, Davis suffered mental duress from proceedings related to the citations. Davis also alleges that the citations caused "damages to property." [Doc. # 1-1, at 3].

Davis alleges that Souders issued the citations for no other purpose but to harass Davis by causing him to spend time and money to defend against the citations, make unnecessary repairs on the properties, and cause him to lose rental income. Davis states that with "willful blindness and contributory negligence and failure of consideration," Souders falsely prosecuted Davis when Souders issued the citations without "diligence in regards to his job." [Doc. # 1-1, at 1].

Davis asks that the Court grant him relief totaling $66,000.00 and an injunction barring Souders from engaging in any law enforcement duties in the State of Missouri.

## II.    Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim

is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

The Court liberally construes Davis's Complaint and finds that Davis is pursuing action against Souders in both his individual and official capacities. [Doc. # 1-1, at 1 ("To file suit against David Souders . . . acting as an officer For the City of Saint John . . . . [A]sk the court to hold David Souders personally responsible . . . .")]. Thus, liberally construed, Davis's suit is against Souders, individually, and the City of Saint John. *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (""A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

The Court finds that Davis has failed to state any claim against the City of Saint John. When a § 1983 claim is asserted against a municipality, the Court must analyze "(1) whether Plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is re？sponsible for that violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Here, Davis fails to allege any facts that show how the City of Saint John was responsible for any of the wrongs alleged by Davis. Indeed, the City of Saint John cannot be held

3

vicariously liable for any alleged wrongs committed by Souders simply because it employs him. *Collins*, 503 U.S. at 122.

As for the claim brought against Souders in his individual capacity, Davis asserts that Souders caused "undue prosecution without probable cause." [Doc. # 9, at 1]. The Court liberally construes this to mean that Davis has asserted that Souders violated both his Fourth and Fourteenth Amendment rights. Indeed, the crux of Davis's suit rests on Souders's issuance of citations without adequate investigation.

Davis does not specifically identify whether it is his substantive or procedural due process rights that were violated. *See* U.S. Const. amend. XIV, § 1 (prohibiting state governments from depriving "any person of life, liberty or property, without due process of law"). "Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated." *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 445-46 (8th Cir. 1995) (citation omitted). It appears from Davis's Complaint that the protected interest in which Souders deprived him, was lost rental income, time and money used to defend the citations, and mental duress. Davis also alleges "damages to property" caused by the issuance of the citations, however, he has failed to allege any facts as to how his property was damaged due to Souders's citations. The Court finds that Davis's interests do not rise to the level of a constitutional violation. Davis has not shown how he has a legal entitlement or a vested right in rental income, compensation for the time and money he used to defend the citations, or any damages associated with his mental duress. *See Sellers v. Iowa Power & Light Co.*, 372 F. Supp. 1169, 1172 (D.C. Iowa 1974).

Yet, even if the citations' effects, as Davis alleges, are considered a deprivation of a protected interest under the Fourteenth Amendment, the procedures of the City of Saint John caused the citations to be dismissed. Therefore, the facts as alleged in Davis's Complaint supports the conclusion that Davis received all the procedural safeguards that the Due Process Clause requires. Additionally, nothing in Davis's Complaint alleges action that "shocks the conscience" or is "truly irrational" or "sufficiently outrageous," which is required for a substantive due process claim. *See Young v. City of St. Charles, Mo.*, 244 F.3d 623, 628 (8th Cir. 2001) (citations omitted). Rather, Davis merely alleges that Souders acted with "willful blindness and contributory negligence," [Doc. # 1-1, at 2], and alleges no further facts to show that Souders's actions were "something more than . . . arbitrary, capricious, or in violation of state law." *Anderson v. Douglas Cnty.*, 4 F.3d 574, 577 (8th Cir. 1993). As such, Davis has failed to allege facts to support a substantive due process claim.

Finally, it is unclear to the Court what the Fourth Amendment violation could be that is alleged by Davis. Souders volunteers that Davis asserts that Souders entered onto Davis's property to obtain information to issue the citations. [Doc. # 6, at 4]. However, the Court does not find any factual allegation in Davis's Complaint that indicates that Souders entered onto Davis's property. Nor is there any facts or even allegations to show that the citations were issued without probable cause or that Sounders acted in bad faith. As Davis does not provide any guidance as to what his plausible claim might be, the Court finds that he has not adequately stated a claim under the Fourth Amendment to survive this motion to dismiss.

III.    Conclusion

5

Accordingly, it is hereby ORDERED that Souders's motion to dismiss [Doc. # 5] is GRANTED.

       s/ NANETTE K. LAUGHREY
       NANETTE K. LAUGHREY
       United States District Judge

Dated: August 15, 2011
Jefferson City, Missouri